E-FILED
Monday, 28 November, 2016  10:54:21 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOSHUA THOMAS, | ) | No. 16-30009 |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant Joshua Thomas's Motion for Discovery (d/e [13]).  For the reasons set forth below, Defendant Thomas's motion is GRANTED in part and DENIED in part.

## BACKGROUND

On February 5, 2016, an indictment was filed against Defendant charging him with both being a felon in possession of a firearm and distributing marijuana on two separate occasions, July 7, 2015 and August 7, 2015.

On June 3, 2016, Defendant wrote a letter to the Government requesting disclosure of a variety of evidence.

On August 26, 2016, Defendant filed a Motion for Discovery requesting that the Government provide all information requested in the June 3, 2016 letter [hereinafter Letter], all information the Government has been directed to provide pursuant to Deputy Attorney General Ogden's Memorandum on Guidance for Prosecutors Regarding Criminal Discovery, dated January 4, 2010, and the informant file for Confidential Informant 9776, who was involved in the occurrences giving rise to this case.

The Government opposed the motion and asserted that it has already provided everything responsive to Defendant's requests "that is required to be disclosed at this stage of the proceedings." (d/e [15]) Response in Opposition to Defendant's Motion for Discovery [hereinafter Government's Response] at 2.  The Government opposed Defendant's request for the informant's identity and stated that the informant is still an informant in pending investigations involving gun violence such that disclosure of his identity could jeopardize pending investigations and risk harm to the informant and others.  The Government also opposed Defendant's request for the informant file, stating that it is not required to disclose the file under its discovery obligations.

In his Response to the Government's Response, Defendant stated his intent to use the defense of entrapment.  Defendant asserted that on July 7, 2015, before the charged conduct took place, the informant came to Defendant's residence and gave Defendant a box containing the revolver that Defendant is charged with possessing in Count I of the indictment.  Defendant alleges that the informant asked Defendant to hold the box for the informant and that the informant would return later that morning to retrieve it.  Id. ¶ 4.  Defendant asserts that the informant did in fact return to Defendant's residence later on the morning on July 7, 2015, at which point the informant was wired with a recording device and accompanied by Agent Randy Strode of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  Defendant states that the informant then reclaimed the box and its contents as well as a small quantity of cannabis, giving rise to the offenses charges in Counts 1 and 2.  Id. ¶ 5.

## II.  ANALYSIS

A. Discovery in criminal cases is limited.

A criminal defendant has no right to general discovery from the government.  Weatherford v. Bursey, 429 U.S. 545, 559 (1977)

("There is no general constitutional right to discovery in a criminal case . . . ."); <u>United States v. Rivera</u>, 6 F.3d 431, 441 (7th Cir. 1993) ("we believe the presumption that, absent some specified requirement, the defendant is not entitled to disclosure is the correct one").  Discovery in criminal cases arises from the Due Process Clause, Federal Rules of Criminal Procedure 16 and 26.2, and the Jencks Act, 18 U.S.C. § 3500.

Criminal defendants are entitled to disclosure of exculpatory evidence from the Government that is material to the defendant's case.  <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment."); <u>United States v. Tadros</u>, 310 F.3d 999, 1005 (7th Cir. 2002) ("the government must disclose evidence favorable to the defense where the evidence is material to either the guilt or punishment of the defendant").  <u>Brady</u> established a criminal defendant's right to exculpatory evidence that has a reasonable likelihood of affecting the outcome of the case as to guilt or punishment.  <u>United States v. Bagley</u>, 473 U.S. 667, 675 (1985).  In <u>Giglio v. United States</u>, the Supreme Court expanded the scope of

the mandatory disclosures under <u>Brady</u> to include favorable material evidence relating to the credibility of a witness.  405 U.S. 150, 154-55 (1972) (finding that when key witness's credibility was "an important issue in the case . . .  evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it"); <u>see</u> <u>Collier v. Davis</u>, 301 F.3d 843, 848 (7th Cir. 2002).

A defendant's right to discovery under <u>Brady</u> and <u>Giglio</u> is limited to that which is required for a fair trial; it does not create a general right to discovery of exculpatory or other evidence.  <u>United States v. Bagley</u>, 473 U.S. 667, 675 (1985) ("The prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial."); <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and <u>Brady</u> did not create one.").

In addition to Brady and Giglio disclosures, Federal Rule of Criminal Procedure 16(a) governs the government's duty to disclose pretrial discovery consisting of the defendant's statements, the defendant's prior record, documents and objects, reports of

examinations and tests, and expert witnesses.  Rule 26.2 and the
Jencks Act, 18 U.S.C. § 3500, require production of a witness's
statements once that witness has testified on direct examination.

B. Defendant has shown a genuine need for the informant's
identity.

In his motion for discovery, Defendant requests the identity
and location of the informant involved in the charged conduct.  See
Motion for Discovery Ex. 1 [Letter] ¶ 8.The Government has a
privilege to withhold the identity of an informant.  Roviaro v. United
States, 353 U.S. 53, 59 (1957) (the "informer's privilege" is the
government's privilege "to withhold from disclosure the identity of
persons who furnish information of violations to officers charged
with enforcement of that law").  The Supreme Court explained the
rationale for the privilege:

The purpose of the privilege is the furtherance and protection
of the public interest in effective law enforcement.  The
privilege recognizes the obligation of citizens to communicate
their knowledge of the commission of crimes to law-
enforcement officials and, by preserving their anonymity,
encourages them to perform that obligation.

Id.

Consistent with this underlying purpose, there are three exceptions to the privilege.  First, the contents of a communication between an informant and law enforcement are not privileged when the contents "will not tend to reveal the identity of an informer."  Id. at 60.  Second, the privilege does not apply once law enforcement discloses the informant's identity.  Id.  The third exception "arises from the fundamental requirements of fairness" and the defendant's need to prepare an adequate defense.  Id. at 60-62 ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defendant of an accused, or is essential to a fair determination of a cause, the privilege must give way.").  A court must balance the public interest in informed law enforcement with a criminal defendant's right to prepare his defense.  Id. at 62.  Whether this balancing test weighs in favor of disclosure or nondisclosure depends on the particular circumstances of the case, including the crimes charged, possible defenses, the possible significance of the informant's testimony, and other relevant factors.  Id.

Defendant must establish a "genuine need" for disclosure of the informant's identity in order to overcome the privilege.  United States v. Andrus, 775 F.2d 825, 842 (7th Cir. 1985).  A determinative factor is whether the informant was a prominent part in the criminal occurrence, such as when the informant was an active participant in or witness to the offense charged.  United States v. Tucker, 552 F.2d 202 (7th Cir. 1977).  Such an informant is more likely to be a material witness and essential to a fair trial than a person who merely provides law enforcement with information but does not witness or participate in the offense.  See United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993).

Defendant's request for the informant's identity is not a communication between law enforcement and the informant, and the record currently before the Court provides no indication that law enforcement has already disclosed the informant's identity. Thus, to overcome the informer's privilege, Defendant's request must be necessary for a fair trial.

The record currently before the Court indicates that the informant directly participated in the transactions at issue in this

case, having purchased a firearm and marijuana from Defendant on both occasions giving rise to the counts charged.

The informant's testimony may also be material, if not essential, to Defendant's attempt to prove a defense of entrapment. Defendant's allegations that the informant came to Defendant's residence on July 7, 2015 before the events leading up to Counts 1 and 2 of the indictment and gave Defendant a box containing a revolver to hold until the informant returned to retrieve it indicate that the informant's testimony is likely to be important to the defense.  The record currently before the Court does not indicate that any other witness was present during this alleged occurrence. The informant's testimony could therefore be necessary for Defendant to properly assert his defense of entrapment.

The Court recognizes the Government's concern for the risks of disclosing the identity of an active informant.  However, the Court finds that the circumstances in this case weigh in favor of Defendant's needs for a fair trial against the Government's interest in protecting the informer's anonymity.

The Government is therefore ORDERED to disclose the identity of the informant to Defendant.  Because Defendant's need

for the identity of the informant stems in large part from the fact that fairness requires that Defendant be able to interview the informant in preparation for trial or to call the informant as a witness at trial, the Government is also ORDERED to disclose the location of the informant or to otherwise make the informant accessible to Defendant.

C. Defendant's request for the informant's file is premature and overbroad.

Defendant also requests the informant's file, which he says "should contain a copy of the informant's agreement to cooperate, a debriefing report or outline of the information that the informant can provide, the informant's personal and criminal history, the amounts of money paid to him for information and expenses, all evidence of such person's psychiatric treatment, if any, or of any additions [sic] or propensity to use or abuse controlled substances, any promises made regarding potential sentencing in a criminal case, and finally, any and all internal memoranda written by law enforcement agents regarding this informant's credibility."  Motion for Discovery at 2.

The Government asserts that there is no Brady material in the informant's file but concedes that the file contains Giglio material. The Government confirmed that it would provide Defendant with all Giglio material once it determines the witnesses it plans to call to testify at trial.  Government's Response at 4.

However, even if the Government does not call the informant, Defendant could call the informant as a testifying witness.  If Defendant calls the informant as a witness, the Defendant would be entitled to all Giglio material in the informant's file.  The rule in Giglio is not limited to evidence about the Government's witnesses. Rather, the Court in Giglio extended Brady disclosures to credibility evidence about any witness in the case.  See Giglio, 405 U.S. at 154 (credibility evidence must be disclosed when "the reliability of a given witness may well be determinative of guilt or innocence") (internal quotation marks excluded).  The evidence must meet the Brady standard of materiality in that it must have a reasonable likelihood of affecting the outcome of the trial, such as when a witness's credibility is an important issue in the case because the witness offers key testimony.  Id. at 154-55.  The Court questions whether any evidence contained in the file, whether negative or

bolstering, could meet the standard of materiality if the informant testified only for Defendant.  However, the Court need not address this issue because the Government has assured that it will provide all Giglio material.  Government's Response at 4.

Further, the existence of Giglio material in the informant's file does not require its wholesale disclosure.  Rather, due process requires only disclosure of evidence material to the defense.  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984) (error to order production of entire personnel file for law enforcement officer; only portions of file that are material to the defense shall be disclosed).

Defendant argues he is entitled to immediate disclosure of the informant's file because the Government would need to call the informant to testify to prove its case at trial.  Motion for Discovery ¶ 3.  Defendant provides no support for this assertion.  While it appears from the record currently before the Court that the informant would be an important witness at trial, the informant's significance does not guarantee his appearance at trial.  Additionally, although this Court orders the disclosure of the informant's identity, such disclosure does not guarantee that

informant will testify at trial.  Defendant could interview informant and decide not to call the informant to testify.

Because Defendant's request for the informant's file is premature and overbroad, the request is DENIED.

D. Defendant's additional discovery requests do not support any additional disclosure.

a. Defendant is not entitled to impeachment evidence concerning "prospective" witnesses.

Defendant additionally requests certain types of impeachment evidence relating to "prospective" Government witnesses.  <u>See</u> Letter ¶¶ 9-12.  The Government's disclosure obligations are limited; criminal defendants do not have a general right to all information that would be useful to the defense.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 53 (1987) ("The ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony.").  Evidence about prospective witnesses does not meet the standard for materiality under Brady/Giglio; in <u>Giglio</u>, the defendant was entitled to impeachment evidence about a witness whose testimony was key to the Government's case, and thus the witness's credibility was an

important issue in the case.  405 U.S. at 154-155.  Impeachment evidence about prospective witnesses is not similarly demanded by Defendant's right to a fair trial.  Defendant's requests in paragraphs 9-12 of the letter is therefore DENIED.

       b. Defendant's request for witness statements pursuant to Fed. R. Crim. P. 26.2 and the Jencks Act is premature.

Defendant's request for witness statements pursuant to Fed. R. Crim. P. 26.2 and the Jencks Act, 18 U.S.C. § 3500, are premature.  See Letter ¶ 15.  Both the Jencks Act and Rule 26.2 authorize only the production of statements made by a witness who has already testified in one of the proceedings listed in Rule 26.2(g).  No such proceeding has yet taken place in this case.  Defendant's request that witness statements be produced before trial in the name of efficiency is no match for the Jencks Act's prohibition of discovery of statements made by a Government witness or a prospective Government witness prior to the witness's testimony.  18 U.S.C. § 3500(a).  Defendant's request for pretrial witness statements is therefore DENIED as premature.

       c. Defendant is not entitled to transcripts of grand jury testimony other than his own.

Defendant also requests transcripts of the testimony of all grand jury witnesses testifying in support of the indictment.  See Letter ¶ 24.  Under Fed. R. Crim. P. Rule 16(a)(3), Defendant is entitled to his own grand jury testimony.  As to other grand jury witnesses, Fed. R. Crim. P. 6(e) limits disclosure to cases where there is "a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." The Supreme Court has interpreted this rule as requiring a showing of a "particularized need" to avoid an injustice in another judicial proceeding.  United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983); Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222–23 (1979) (party seeking disclosure of grand jury testimony must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed").  Defendant has made no such showing here.  Defendant's request for transcripts of the testimony of grand jury witnesses is therefore GRANTED as to Defendant's own testimony and DENIED as to all other grand jury witnesses.

Page 15 of 22

      d. Defendant's requests for Brady and Giglio material are
         duplicative and moot.

Defendant's requests for Brady and Giglio material are mooted by the Government's confirmation that it will satisfy its obligations under Brady and Giglio.  <u>See</u> Letter ¶ 4, 16; Government's Response at 4-5.  Similarly, Defendant's requests for review of law enforcement personnel files and for the training records of each testifying law enforcement officer are duplicative with his requests for Brady and Giglio material.  <u>See</u> Letter ¶¶ 17-18.  The Government is required to produce only the material from law enforcement files that meet the Brady/Giglio materiality standard.  <u>See</u> <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984) (error to order production of entire personnel file for law enforcement officer; only portions of file that are material to the defense shall be disclosed).  Defendant's requests in paragraphs 4, 16, 17, and 18 of the letter are therefore DENIED as moot.

      e. Defendant's requests for material pursuant to Rule
         16(a), Fed. R. Evid. 404(b), and Brady are mooted by
         the Government's disclosure of such materials.

Defendant's requests for evidence pursuant to Fed. R. Crim. P. 16(a) and Fed. R. Evid. 404(b) are mooted by the Government's

assertion that it has produced everything responsive to Defendant's requests that is required to be disclosed at this stage of the proceedings, which the Court has no reason to doubt. Government's Response at 2. Thus, Defendant's requests in paragraphs 1, 3, 5, 7, and 18-21 of the letter are DENIED as moot.

      f. Defendant's request for all media featuring Defendant is overbroad.

Defendant requests all media on which Defendant's name is disclosed, his voice is heard, or his image is seen. See Letter ¶ 22. The request is limited neither to that which is relevant to the subject matter of this case nor to that which the Government could have knowledge of or could obtain. Further, the Government has already produced all audio recordings, video recordings, and photographs related to the conduct at issue. Government's Response at 2 ("All of the police reports, photographs, witness statements, audio recordings, and video recordings related to these transactions have long since been disclosed in discovery."). Defendant's request is therefore DENIED.

The Government is DIRECTED to provide Defendant with any transcripts it has for the audio and video recordings of the conduct giving rise to this case.  <u>See</u> Letter ¶ 23.

      g.  Defendant is not entitled to information pursuant to an internal memorandum of the Office of the U.S. Attorneys.

Defendant also requests any and all information that the Government has been directed to provide pursuant to Deputy Attorney General Ogden's Memorandum on Guidance for Prosecutors Regarding Criminal Discovery, dated January 4, 2010. <u>See</u> Motion for Discovery ¶ 2.  The memorandum explicitly states that it does not carry force of law and that it does not "create or confer any rights, privileges, or benefits."  Motion for Discovery ex. 2 at 1.  While the memorandum may direct prosecutors in their role as employees of the Office of the U.S. Attorneys, the memorandum does not entitle Defendant to production of any evidence. Defendant's request is therefore DENIED.

      h. Defendant's request for statements relevant to the defense is overbroad.

Defendant requests all statements that are relevant to the defense, a broader than the discovery to which Defendant is entitled

under Rule 16, Brady/Giglio, and Rule 26.2 and the Jencks Act.
See Letter ¶ 14.  Beyond these limited bases for discovery,
Defendant is not entitled to evidence that would be useful.  See
Giglio, 405 U.S. at 154 ("We do not, however, automatically require
a new trial whenever a combing of the prosecutors' files after the
trial has disclosed evidence possibly useful to the defense but not
likely to have changed the verdict") (internal quotation marks
omitted); Degen v. United States, 517 U.S. 820, 825 (1996) ("A
criminal defendant is entitled to rather limited discovery, with no
general right to obtain the statements of the Government's
witnesses before they have testified."); United States v. Agurs, 427
U.S. 97, 106 (1976) (The Government is under "no duty to provide
defense counsel with unlimited discovery of everything known by
the prosecutor").  Because the Government has assured its
compliance with the bases under which certain statements are
discoverable, Defendant's request for all statements relevant to the
defense is DENIED.

       i.  Defendant's request for arrest reports and notes is
           similarly overbroad.

Defendant requests all arrest reports, investigator notes, and dispatch tapes related to the circumstances of his arrest or any questioning.  He also requests sworn statements and prosecution reports about Defendant.  <u>See</u> Letter ¶ 2.  Fed. R. Crim. P. 16(a)(1) entitles Defendant to arrest and investigation materials to the extent that such materials are statements made by Defendant.  However, Rule 16 does not establish a basis for Defendant's broad request for all reports, notes, tapes, records, or other documents surrounding his arrest.  Indeed, Rule 16(a)(2) explicitly states that Rule 16(a)(1) does not authorize such disclosure.  Fed. R. Crim. P. 16(a)(2) ("this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case").  Any such disclosure must therefore meet the Brady/Giglio standard and is redundant with his requests for such material.  Defendant's request for arrest reports, notes, and dispatch tapes is therefore DENIED.

      j.  Defendant's requests for information about favorable, cooperating, and percipient witnesses is duplicative.

Defendant's request for the name of any witness who has
made a statement favorable to Defendant similarly must meet the
Brady/Giglio standard.  <u>See</u> Letter ¶ 13.  Defendant's request for all
relevant information about, including the identity and location of,
any informants, cooperating witnesses, or percipient witnesses
unknown to Defendant is similarly redundant.  <u>See</u> Letter ¶ 8.  The
Court has ordered the Government to disclose the identity and
location of the only informant referenced in the record currently
before the Court, and the record before the Court does not indicate
that any other informant was involved in the transactions leading
up to this case.  Because the Government has made assurances
that it will comply with Brady and Giglio, Defendant's requests are
DENIED as moot.

IT IS THEREFORE ORDERED:

Defendant's motion for discovery is GRANTED in part and
DENIED in part (d/e 13).  By December 2, 2016, the Government is
DIRECTED to produce to Defendant the identity of the informant in
this case and his location, or to otherwise make him accessible to
Defendant, to produce any transcripts it has of the audio and video

recordings related to the transactions in this case, and to produce Defendant's grand jury testimony.  Defendant's motion for discovery is otherwise DENIED.

ENTERED:  November 23, 2016

FOR THE COURT:

<u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE